IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DEBORAH CONNOR, Individually and as Next Friend of T.H. and R.R.H. § § § | |
| V. § | ACTION NO. 4:10-CV-855-Y |
| § | |
| AUDREY DECKINGA, JOYCE JAMES, JOYCE COLEMAN, JEANETTE LEONG, and PAULA REITZ § § § | |

ORDER DENYING IN PART RULE 12(B)(1) MOTIONS TO
DISMISS, GRANTING RULE 12(C) MOTION TO DISMISS,
AND DENYING MOTION FOR PRELIMINARY INJUNCTION

Pending before the Court are defendants Audrey Deckinga and Jeanette Leong's Rule 12(b)(1) Motion to Dismiss (doc. 17), filed December 22, 2010, and defendants Joyce James, Joyce Coleman, and Paula Reitz's Rule 12(b)(1) Motion to Dismiss (doc. 23), filed January 10, 2011. Also pending is Defendants' Rule 12(c) Motion to Dismiss (doc. 32), filed March 9, 2011. The Court DENIES IN PART the Rule 12(b)(1) motions, but GRANTS the Rule 12(c) motion. Accordingly, Plaintiff's Motion for Preliminary Injunction (doc. 7), filed November 9, 2010, is DENIED.

I. BACKGROUND

Plaintiff Deborah Connor's ("Connor") daughter, A.S., had two children, T.H. and R.R.H. ("the children"). The children were the subject of a state-court suit affecting the parent-child relationship in which the Texas Department of Family Protective Services ("DFPS") sought to terminate A.S.'s parental rights. After the suit was filed in July 2006, DFPS removed the children and placed them in foster care. While in foster care, Connor alleges that the children were "administered an alarming array of psychotropic drugs." (Am. Compl. 6 at ¶ 21.)

In August 2006, Connor, who lives in Utah, told DFPS employees, Defendants, that she wanted the children to live with her in Utah. In August 2007, a home study of Connor was

conducted, and Connor petitioned for conservatorship of the children on November 1. *See* Tex. Fam. Code Ann. § 153.432 (West Supp. 2010). In December, the state court terminated A.S.'s parental rights and also terminated the parental rights of the children's father, J.H. Connor's petition for conservatorship apparently was never expressly addressed; however, Connor asserts she was told she could not have custody of the children because A.S. did not want them placed with Connor. (Am. Compl. 7 at ¶ 25.) A.S. and J.H. appealed the termination order, but the appeals were unsuccessful. (Resp. App. 12.)

On November 8, 2010, Connor filed a complaint against Defendants, who are employees of DFPS and were involved with the termination of A.S.'s and J.H.'s parental rights. She argues that (1) Defendants violated her due-process rights, (2) the Texas statutes regulating a grandparent's access are unconstitutional on their face and as applied, and (3) the children's rights to kinship care and timely interstate placement were violated. Connor additionally brings a claim "as next friend" of the children for damages arising from the administration of psychotropic drugs to the children.

Defendants move to dismiss Connor's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). More specifically, they assert that she does not have standing to bring her next-friend claim because she does not have any rights as to the children. Defendants argue that the remainder of Connor's claims are barred by the *Rooker-Feldman* doctrine because she is trying to attack collaterally a state-court judgment. Defendants also assert that the Court should dismiss Connor's claims against them individually[1] because they are entitled to immunity and because the claims are inadequately pleaded. *See id.* 12(b)(6). Finally, Defendants assert their right to judgment on the basis of the pleadings because Connor's claims are barred by the statute of limitations. *See id.* 8(c)(1), 12(c).

---

[1] Only Deckinga is sued in her official capacity. (Am. Compl. 5 at ¶ 15; Resp. 9.)

## II. RULE 12 STANDARDS OF REVIEW

### A. RULE 12(B)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. If a plaintiff lacks standing to raise a claim, this Court has no subject-matter jurisdiction over the claim. *See Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990); *see also Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989) (recognizing because standing presents jurisdictional question, standing analyzed under standards applicable to court's subject-matter jurisdiction). This Court must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking to invoke federal jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

This Court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). Motions under Rule 12(b)(1) are categorized as either a facial attack or a factual attack upon subject-matter jurisdiction. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 792 (S.D. Tex. 2010). A facial attack requires this Court to inspect the pleadings, taking the allegations in the complaint as true, and determine whether the claimant has sufficiently alleged subject-matter jurisdiction. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In other words, a facial attack simply challenges the court's subject-matter jurisdiction based on the sufficiency of the pleadings. A factual attack, by contrast, denies or controverts the plaintiff's allegations of jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Only uncontroverted factual allegations are accepted as true, and the plaintiff must establish subject-

matter jurisdiction by a preponderance of the evidence. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1991).

## B. RULE 12(C)

Although Defendants move for judgment on the pleadings under Rule 12(c), such a motion is analogous to a Rule 12(b)(6) motion to dismiss for failure to state a cognizable claim. *See Mayne v. Omega Protein, Inc.*, 370 Fed. Appx. 510, 514 (5th Cir. 2010). *See generally* FED. R. CIV. P. 12(b)(6), (c). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *See id.*

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl.*

4

*Corp. v. Twombly*, 550 U.S. 544, 547, 556 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief").

In considering a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Documents attached to or incorporated in the complaint are considered part of the plaintiff's pleading. *See* FED. R. CIV. P. 10(c); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *accord Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Similarly, documents of public record can be considered in ruling on a 12(b)(6) motion to dismiss. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

### III. DISCUSSION

#### A. STANDING—RULE 12(B)(1)

Connor asserts that she has standing to bring claims on the children's behalf under Rule 17, which provides that a next friend or guardian ad litem may bring claims on behalf of a minor if the

minor "does not have a duly appointed representative." Fed. R. Civ. P. 17(c)(2).[2] But Connor alleges that Patricia Summers, who is not a party to Connor's suit, was the children's guardian ad litem. (Am. Compl. 7.) Because Connor admits the children have a duly appointed representative, she does not have standing to bring claims on behalf of the children, which is a bar to the Court exercising jurisdiction over Connor's next-friend claim. To the extent Connor asserts she does not know if Summers continues to represent the children, it is Connor's burden to show that she had standing to bring this claim. Connor's claim raised in "Count IV" is dismissed for lack of jurisdiction. (Am. Compl. 14.)

## B. *ROOKER-FELDMAN* DOCTRINE—RULE 12(B)(1)

The *Rooker-Feldman* doctrine, as asserted by Defendants, prevents federal-court jurisdiction over a suit raising a collateral attack on a state-court judgment. *See generally Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) *and D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state[-]court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). In short, a party losing in state court may not seek what is essentially appellate review of a state judgment in federal district court. *See Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Thus, when a federal action tries to circumvent the state appellate process to collaterally attack the validity of a state-court judgment, a federal district court lacks subject-matter jurisdiction. *See Jordaan*, 275 F. Supp. 2d at 788-79. It is vital to point out, however, that the *Rooker-Feldman* doctrine is extremely limited and is strictly confined to cases brought by state-court losers inviting

---

[2]Texas law is similar in allowing a next-friend suit on behalf of a minor who has no legal guardian. Tex. R. Civ. P. 44.

federal-court review and rejection of state-court judgments. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1297-98 (2011). Finally, issue preclusion as a result of parallel state and federal litigation is not a jurisdictional issue as is the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005).

In this case, Connor was not a named party to the state-court termination action. Connor requested conservatorship of the children, but the state court never directly addressed Connor's request. Connor did not formally appear on the record of the case. Indeed, it appears that Connor's conservatorship request was not considered by the state court. *Cf. Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2ᵈ Cir. 2005) (discussing when not being named party in state court is sufficient to invoke *Rooker-Feldman*). Further, Connor is attempting to attack the constitutionality of the conservatorship statutes, which brings her claims outside the *Rooker-Feldman* doctrine. *See Skinner*, 2011 WL 767703, at *7. At most, the issues Connor raises are precluded by the state action, which is not a jurisdictional issue. *Exxon Mobil*, 544 U.S. at 292-93.

### C. STATUTE OF LIMITATIONS—RULE 12(C)

Defendants argue that Connor's claims are time-barred. Because Defendants are relying on an affirmative defense to support dismissal, Defendants bear the burden to show that Connor's claims fall outside the applicable statute of limitations. As set out above, the Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of Connor. *See Kaiser*, 677 F.2d at 1050.

Connor's claims, brought under the umbrella of § 1983, are governed by the personal-injury limitations period of Texas. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). In Texas, personal-injury actions must be brought within two years of the date the cause of action accrued.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2010); *see also Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding two-year limitations period applies to due-process claim under Texas Constitution). Likewise, Texas's tolling provisions apply. *See Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995). But federal law controls when a cause of action accrues, which is when the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. *See Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).

Connor alleges in her amended complaint that she attended a show-cause hearing regarding DFPS's suit to terminate A.S.'s and J.H.'s parental rights. (Am. Compl. 6 at ¶ 19.) She further alleges that she "remained in contact with caseworkers and with the guardian ad litem . . . [t]hroughout the pendency of the [s]tate court termination suit." (Am. Compl. 6 at ¶ 20.) Connor petitioned the state court for conservatorship of the children, but A.S.'s and J.H.'s parental rights were terminated in December 2007 and Connor was told at that time that A.S.'s wishes precluded Connor gaining conservatorship. (Am. Compl. 7-8 at ¶¶ 26-27.) Based on Connor's allegations, she learned that she would not be awarded conservatorship of the children in December 2007.[3] Connor filed the instant suit on November 8, 2010—almost three years after the termination. Connor makes no plausible argument for tolling the limitations period. Additionally, the continuing-violation doctrine does not apply. *See McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 867 (5th Cir. 1993). (Reply 4-5.) Thus, Connor's claims are barred by the two-year statute of limitations, and must be dismissed.

---

[3]For the reasons stated in Defendants' Rule 12(c) reply, the Court rejects Connor's argument that she was not aware that she would not get conservatorship of the children until March 9, 2009. (Reply 2-4.)

## IV. CONCLUSION

Connor has no standing to assert claims regarding the children's treatment while in foster care. Therefore, the Court dismisses Connor's claim raised in "Count IV" for lack of subject-matter jurisdiction. The Court has jurisdiction over Connor's remaining claims; thus, Defendants' motions to dismiss based on a lack of jurisdiction regarding these claims are denied. However, Connor's remaining claims are time-barred and must be dismissed. Thus, the Court grants Defendants' Rule 12(c) motion to dismiss.[4] Finally, because Connor cannot show that she would prevail on the merits of her claims because they are time-barred and because the Court lacks subject-matter jurisdiction over one claims, her motion for preliminary injunction must be denied as well.

SIGNED April 20, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] Because of the Court's conclusion regarding limitations, there is no need to address Defendants' Rule 12(b)(6) arguments regarding immunity and insufficient pleading. (Doc. 17 pp. 8-13; Doc. 23 pp. 8-13.)